## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  12-112** |
| | ) | |
| **MATTHEW GAMRET** | ) | |

### Memorandum Opinion and Order

Defendant Matthew Gamret has filed a Motion to Terminate Supervised Release.  ECF No. 48.  The government has filed a Response opposing the Motion.  ECF No. 51.  On October 2, 2012, Mr. Gamret pleaded guilty to Count 1 of the Indictment, charging him with possession of material depicting the sexual exploitation of a minor on or about January 16, 2012, in violation of 18 U.S.C. § 2252(a)(4)(B).  His calculated guideline sentence range was 78 to 97 months' imprisonment.  The Honorable Gustave Diamond imposed a sentence of 36 months' imprisonment, to be followed by fifteen years of supervised release.  For the reasons explained below, Mr. Gamret's Motion will be denied

### I.       Applicable Law

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

"The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).  In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1].  "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).  Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III.    Discussion

Mr. Gamret argues that early termination of his supervised release is warranted, based on the fact that he has successfully complied with the terms and conditions of her supervised release thus far.  He also reports that he has received his Master's degree.

---

[1]  The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[2]  To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early.  *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

In opposing termination of supervised release, the government argues that supervision is working in this case and, in light of the serious offense of conviction, termination of supervision is not warranted. Specifically, the government points out that Mr. Gamret received a below-guidelines sentence, as well as a lower than recommended term of supervised release. For his offense, the recommendation is typically lifetime supervision. The government also argues that Mr. Gamret has offered no reason to show that his original term of supervision of fifteen years is not appropriate in this case, nor does he identify how supervision imposes an undue hardship on him.

Mr. Gamret's counsel represents that Mr. Gamret has been compliant with the terms and conditions of his supervision; however, the fact of compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in most cases. There is no evidence that Mr. Gamret's terms of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, or to protect the public. Mr. Gamret's offense of conviction is extremely serious: on his external hard drive he possessed thousands of images depicting the sexual exploitation of minors. As noted, Mr. Gamret was sentenced below the low end of the guideline range and received a relatively short term of supervised release for the type of offense he committed.

The standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). It is to be hoped that all defendants on supervised release successfully comply with the conditions of supervision. Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised

release in most cases.  The only information offered is that Mr. Gamret received his Master's degree.

The offense in this case is very serious, harming vulnerable victims.  Significantly, the Judge Diamond imposed a sentence below that called for by the guidelines.  With respect to the fifteen-year term of supervised release imposed, it is important to highlight that Judge Diamond could have imposed a term of supervised release of Life, but did not.  Presumably, he imposed the fifteen-year term believing it was sufficient, but not greater than necessary, to meet the goals of sentencing in Mr. Gamret's case.  It is further assumed that fifteen-year term would adequately address the goals of punishment, rehabilitation, and deterrence in this case, for this defendant, who committed the instant offense. Mr. Gamret has not identified any hardship he is suffering due to the terms and conditions of supervision that would warrant termination of supervised release.

## IV.    Conclusion

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), and considering Mr. Gamret's compliance with the terms of supervision, the Court concludes that the original term of supervision remains an appropriate term of supervised release.

Accordingly, the following Order is hereby entered.


AND NOW, this 19th day of March 2025, it is hereby ORDERED, that Matthew Gamret's Motion to Terminate Supervised Release, ECF No. 51, is DENIED.

Marilyn J. Horan
United States District Court Judge